United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ANGEL R. PEREZ,
    Petitioner,

v.

CLARK E. DUCART,
    Respondent.

Case No. 15-cv-02010-JSW

**ORDER TO SHOW CAUSE**

Re: Docket No. 7

Petitioner, Angel R. Perez ("Petitioner"), a state prisoner, has filed a consolidated petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1]

**BACKGROUND**

Following a jury trial, Petitioner was convicted of, *inter alia*, six counts of second degree robbery, in violation of California Penal Code sections 211 and 212.5(c), two counts of reckless evading, in violation of Vehicle Code section 2800.2(a), and one count of vandalism, in violation of California Penal Code section 594(a). Petitioner currently is serving a sentence of 47 years and 8 months in prison.

**DISCUSSION**

**A.    Legal Standard.**

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The

---

[1] On May 5, 2015, Petitioned filed his petition for a writ of habeas corpus. On August 20, 2015, Petitioner filed an amended petition, and the Court directed him to file a consolidated petition. On September 4, 2015, Petitioner filed his consolidated petition for a writ of habeas corpus.

Court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."  28 U.S.C. § 2243.

Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false.  *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

**B.      Petitioner's Legal Claims.**

Petitioner asserts two claims for relief: (1) the trial court violated his due process rights when it denied his motion for a new trial; and (2) counsel was ineffective because he failed to file a motion to suppress evidence.  Liberally construed, the claims appear potentially colorable under 28 U.S.C. section 2254 and merit an answer from Respondent.

**CONCLUSION**

For the foregoing reasons and for good cause shown:

1.      Petitioner shall serve a copy of this order and the petition, and all attachments thereto, on Respondent and Respondent's attorney, the Attorney General of the State of California.

2.      Respondent shall file with the Court and serve on Petitioner, within ninety-one (91) days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on Petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

3.      If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent within twenty-eight (28) days of the date the answer is filed.

4.      Respondent may, within ninety-one (91) days, file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases.  If Respondent files such a motion, Respondent need not notice the motion for hearing.  Petitioner shall file with the Court and serve on Respondent an

1  opposition or statement of non-opposition within twenty-eight (28) days of the date the motion is
2  filed, and Respondent shall file with the Court and serve on Petitioner a reply within fourteen (14)
3  days of the date any opposition is filed.  The motion shall be decided on the papers.
4       **IT IS SO ORDERED.**
5  Dated:  November 24, 2015

JEFFREY S. WHITE
United States District Judge

3